300

In the Matter of ANTOINETTE M. and Another, a Child Alleged to be Permanently Neglected. LILLIE C., Respondent; CATHOLIC HOME BUREAU, Respondent. MONICA DRINANE, ESQ., Appellant. [797 NYS2d 492]—

Order, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about December 2, 2003, which, after a fact-finding hearing, dismissed the petitions in this proceeding for termination of parental rights alleging that respondent mother had permanently neglected her children, unanimously reversed, on the law and the facts, without costs, the petitions reinstated, findings of permanent neglect entered, and the matter remanded for dispositional hearings.

Contrary to the Family Court's findings, and despite the deference accorded its credibility determinations, we find that the agency successfully demonstrated by clear and convincing evidence the mother's permanent neglect of these children. The record shows that the children have been in foster care since February 1996, and that the mother failed to maintain contact with them and to plan for their future for a period in excess of a year in spite of the undisputed diligence of the agency in seeking to develop and nurture a meaningful parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]). The mother's lapses were not "de minimis," as the court characterized them, but rather, telling indications of her lack of responsibility and commitment. She, for example, absented herself from her children for a substantial period of time, then, upon reentering their lives, missed visits with them, was inconsistent in submitting to drug testing, and failed to enroll in mandated domestic violence counseling. Often, her excuses for missing drug tests and visits, e.g., oversleeping, tiredness and stress, were inadequate under the circumstances. Also, the fact that the children, ages 7½ and 8½ years old at the time of the hearing, had not lived with respondent for approximately six years appeared to have fundamentally damaged their familial bond. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Williams and Catterson, JJ.